IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRISTOPHER STUMP                                                                                PLAINTIFF

v.                                    Civil No.: 2:17-CV-02179

SHERIFF BOYD DON HICKS, *et. al.*                                                    DEFENDANTS

### ORDER

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff filed his Complaint on October 2, 2017. (ECF No. 1). He alleges his constitutional rights are being violated by unconstitutional conditions of confinement in the Logan County Detention Center. (ECF No. 1, p. 4). Specifically, he alleges there is an ongoing lockdown which requires inmates to eat and defecate in the same cell, there are no tables, no windows, and no natural light. (*Id.*) He further alleges there are no windows on the doors, no ladders to climb up and down from bunks, there is segregation of inmates, and misdemeanor inmates are housed with felony inmates. (*Id.*) He further alleges the outside yard has no urinal or running water, and inmates urinate in the corner of the yard. (*Id.*) He alleges there is no bench to sit on in the outside yard, no pull-up bar for exercise, no dayroom, and inmates are not let out of their cells for 23 hours at a time. (*Id.*) He alleges he saw another misdemeanor inmate be assaulted, so he does not feel safe in the facility. (*Id.*)

1

Plaintiff proceeds against all Defendants in their official and personal capacities. (ECF No. 1 at 5). Plaintiff seeks compensatory and punitive damages. (ECF No. 1 at 11).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8 Cir. 1985).

## III. ANALYSIS

Plaintiff has failed to state a plausible claim of unconstitutional conditions of confinement. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v.*

2

*Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury in order to receive compensation. This injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Plaintiff seeks compensation, but has provided no allegation of actual injury suffered as a result of any of the alleged conditions at the Logan County Detention Center. Plaintiff, therefore, failed to state a plausible conditions of confinement claim.

For these reasons, Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of October 2017.

/s/ P. K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE